[Cite as *State v. Anderson*, 2023-Ohio-203.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 22CA000015 |
| MYRON ANDERSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Guernsey County Court of Common Pleas, Case No. 21CR65

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 25, 2023

APPEARANCES:

For Plaintiff-Appellee

LINDSEY ANGLER
Guernsey County Prosecuting Attorney

JASON R. FARLEY
Assistant Prosecuting Attorney
627 Wheeling Avenue
Cambridge, Ohio 43725

For Defendant-Appellant

MICHAEL GROH
1938 E. Wheeling Avenue
Cambridge, Ohio 43725

*Hoffman, J.*

**{¶1}**   Defendant-appellant Myron Anderson appeals the judgment entered by the Guernsey County Common Pleas Court convicting him of failure to comply with the order or signal of a police officer, a felony of the third degree (R. C. 2921.331(B), (C)(5)(a)(ii)), and sentencing him to 24 months incarceration.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   At approximately 2:00 a.m. on February 20, 2021, Appellant was driving a vehicle traveling north on Interstate 77 in Guernsey County.  There was snow on the ground, and the roadway was wet and/or icy in spots.  Trooper Jonathan Sanborn was sitting in a crossover with Trooper Jacobs, observing traffic.  Trooper Jacobs observed Appellant slow from 70 mph to 55 mph, and pulled out to follow Appellant.  Trooper Jacobs then radioed to other officers Appellant was fleeing.

**{¶3}**   The chase proceeded into Tuscarawas County, where the highway was icier than in Guernsey County.  Appellant reached speeds exceeding 100 mph.  At one point, Appellant pulled into a crossover, then pulled back on to the Interstate heading south, causing a semi tractor-trailer rig to take evasive action.   Appellant passed other cars along the way, made an aggressive movement to the berm of the road at one point, and was observed weaving back and forth between lanes and weaving within his own lane.  One of the officers attempting to pass Appellant was nervous because of the manner in which Appellant was weaving in his lane. Appellant was finally stopped by spikes placed on the road by police in Guernsey County.  The chase lasted fifteen to twenty minutes.

**{¶4}**   Appellant was charged with failure to comply with the order or signal of a police officer as a third degree felony.  The case proceeded to bench trial in the Guernsey

County Common Pleas Court. The trial court found Appellant guilty, and sentenced him to 24 months incarceration. The trial court further suspended Appellant's driver's license for 99 years.

{¶5} It is from the April 6, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THERE WAS INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF A FELONY VIOLATION OF FAILURE TO COMPLY.

II. APPELLANT'S CONVICTION FOR FELONY FAILURE TO COMPLY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I., II.

{¶6} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶7} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶8}    Appellant was convicted of failure to comply as a third degree felony, which is defined by R. C. 2921.331(B) and (C)(5)(a)(ii) as follows:

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶9}    Appellant argues there was no evidence his operation of the vehicle caused a substantial risk of serious harm to persons or property.  He argues driving at a speed of 100 mph on an interstate highway, without more, does not create a substantial risk of serious harm to persons or property.

{¶10}  The testimony of the officers involved in the chase demonstrated Appellant not only traveled at speeds exceeding 100 mph when it was dark outside and the road conditions were wet in spots and icy in other spots, he made a U-turn in a crossover, pulling out in front of a semi tractor-trailer, causing the driver of the semi to take evasive action.  The officers observed Appellant weaving in and out of lanes, and weaving within

his own lane.  Trooper Sanborn testified when he was attempting to pass Appellant, Appellant's swerving in his own lane made him nervous.  Although traffic was light, there were other cars on the road, and the chase consumed fifteen to twenty minutes.  We find there was sufficient evidence to support a finding Appellant's operation of his vehicle caused a substantial risk of serious physical harm to persons or property, and the judgment was not against the manifest weight of the evidence.

{¶11}  The judgment of the Guernsey County Common Pleas Court is affirmed.

By: Hoffman, J.
Gwin, P.J.  and
Delaney, J. concur